IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LYNWOOD CANNON**                                                                                  **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 5:17-CV-37-KS-LRA**

**COMMISSIONER OF SOCIAL SECURITY**
**ADMINISTRATION**                                                            **DEFENDANT**

### ORDER

For the reasons provided below, the Court **overrules** Plaintiff's objections [35] to the Magistrate Judge's Report and Recommendation [34], and the Court **approves and adopts** the Magistrate Judge's factual findings and legal conclusions. Accordingly, the Court **grants** the Commissioner's Motion to Affirm [26], and Plaintiff's Complaint [1] is **dismissed with prejudice**.

*A.   Background*

Plaintiff applied for social security disability benefits, claiming that he suffered from blindness, memory loss, hepatitis C, and brain injuries, among other things. The agency denied his claim, and after an administrative hearing an ALJ likewise denied his claim, finding that he had not established that he was disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review, and Plaintiff now appeals the ALJ's decision.

Plaintiff raised three arguments on appeal. First, he contends that the ALJ erred in assessing the opinion of a consulting psychologist, Dr. Brian Thomas. Next, he argues that the ALJ erred in determining his residual functional capacity. Finally,

he claims that survival benefits he received from his father were erroneously terminated when he was incarcerated.

The Magistrate Judge entered a Report and Recommendation [34] addressing each argument. With respect to the issue of Plaintiff's survival benefits, she found that this issue was raised for the first time before the Appeals Council and, therefore, is not relevant to Plaintiff's application or the hearing before the ALJ. Next, the Magistrate Judge found that the administrative record contained substantial evidence supporting the ALJ's decision to assign greater weight to the reviewing physician's conclusion that Plaintiff retained the ability to perform routine work on a sustained basis, than to the consulting psychologist's conclusion that Plaintiff's prognosis was poor. Finally, the Magistrate Judge concluded that the ALJ's determination of Plaintiff's residual functional capacity was supported by substantial evidence. Therefore, the Magistrate Judge recommended that the Court affirm the Commissioner's decision and dismiss Plaintiff's Complaint.

Plaintiff's filed timely objections [35] to the Report and Recommendation [34], which the Court now considers.

## B.  *Standard of Review*

When a party lodges objections to a Magistrate Judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id.*

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). Conflicts in evidence are for the Commissioner, not the Court, to resolve. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not re-weigh the evidence or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the ALJ's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the administrative record contains "substantial evidence" to support the decision, it must be affirmed. *Selders*, 914 F.2d at 617. Moreover, "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

*C.    Discussion*

3

First, Plaintiff objects to the Magistrate Judge's conclusion that his survival benefits were not raised in his application for benefits and are irrelevant to the present case. The Magistrate Judge is correct. Plaintiff first raised this issue in his request for review to the Appeals Council. Administrative Record [21], at 54. It was not addressed at his hearing before the ALJ, *id.* at 14-52, 323-334, or even raised before the agency prior to the ALJ hearing. It is wholly irrelevant to the SSI application at issue in this case.

Next, Plaintiff argues that he never saw a doctor other than the consulting psychologist, Dr. Thomas. Accordingly, he contends that the ALJ erred by giving greater weight to the opinion of the reviewing consultants, Dr. Powers and Dr. Mei.

The Court agrees with the Magistrate Judge's conclusion. It's the ALJ's job to resolve evidentiary conflicts, not this Court's. *Beck v. Barnhart*, 205 F. App'x 207, 213 (5th Cir. 2006). That includes assessing the credibility of consulting physicians. *Id.* The opinion of a non-treating examining physician is not necessarily granted greater weight than that of a non-examining reviewing physician. *Bishop v. Saul*, 2020 WL 2310405, at *2-*3 (S.D. Miss. Feb. 20, 2020). In fact, the ALJ is not bound to accept the opinions of any expert, but he must explain the basis of his decision. *Audler*, 501 F.3d at 448-49. Here, the ALJ provided a detailed explanation as to why he credited the opinions from Powers and Mei, and discredited the opinion of Thomas. Administrative Record [21], at 369-71. His reasoning was sound and based on substantial evidence from Plaintiff's medical records.

4

Finally, Plaintiff argues that the ALJ erred by citing gaps in his treatment for depression as evidence that his mental problems were not debilitating. This relates to the ALJ's determination of his residual functional capacity. Even if the ALJ had not considered the gaps in Plaintiff's treatment, there would still be substantial evidence to support his finding that Plaintiff has a residual functional capacity for light work. The ALJ relied upon Plaintiff's medical records and live testimony in addition to the Plaintiff's inconsistent treatment history. *Id.* at 367-68. The Court agrees with the Magistrate Judge's conclusion that the ALJ's reasoning was sound and supported by substantial evidence in the record.

### D.     Conclusion

For all these reasons, the Court **overrules** Plaintiff's objections [35] to the Magistrate Judge's Report and Recommendation [34], and the Court **approves and adopts** the Magistrate Judge's factual findings and legal conclusions. Accordingly, the Court **grants** the Commissioner's Motion to Affirm [26], and Plaintiff's Complaint [1] is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this 28th day of May, 2020.

> /s/    Keith Starrett
> KEITH STARRETT
> UNITED STATES DISTRICT JUDGE